IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONICA GREEN, | ) |
| Plaintiff, | ) ) ) Civil Action No. |
| v. | ) ) ) |
| COUNTY OF ALLEGHENY; WILLIAM EMERICK and LYNDA PASTOR, | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

1. Monica Green, Plaintiff herein, is an adult black female and resident of Allegheny County, Pennsylvania.

2. County of Allegheny [hereinafter "COUNTY"] is a body corporate and a political subdivision of the Commonwealth of Pennsylvania, with its principal place of business in Allegheny County, Pennsylvania, employing, at all times relevant, more than 100 persons on a full-time basis.

3. William Emerick, Defendant herein, is an adult individual and resident of Allegheny County, Pennsylvania.

4. Lynda Pastor, Defendant herein, is an adult individual and resident of Allegheny County, Pennsylvania.

5. At all times relevant, Emerick and Pastor were employees of Defendant County and were acting under color of law.

6. At all times relevant, Plaintiff was employed by COUNTY as a corrections sergeant at its jail situate in Pittsburgh, Pennsylvania, having been continuously so employed since 2005.

7. At all times relevant, COUNTY employed Defendant Emerick as Deputy Warden and Defendant Pastor as Administrative Officer at said jail.

8. In the summer of 2010, Plaintiff participated in a proceeding of the United States Equal Opportunity Commission ("EEOC") initiated by a co-worker.

9. On October 13, 2010 Plaintiff sustained an injury which substantially limited her ability to walk and stand, requiring her to report off from work on October 14, 2010.

10. On or about October 18, 2010 Plaintiff requested a medical leave of absence under the provisions of the Family and Medical Leave Act ("FMLA"), which was acknowledged by COUNTY, and reserved 10 days of leave from FMLA exhaustion.

11. On October 23, 2010 Plaintiff submitted an "Off Till Further Notice" form for FMLA leave noting the first day missed as October 23, 2010.

12. On November 2, 2010 Plaintiff submitted to COUNTY a report from her physician indicating that she could return to sedentary work, a restriction he anticipated to be approximately two to eight weeks in duration.

13. On November 8, 2010 Defendant Pastor denied Plaintiff's request for sedentary duty accommodation, which was copied to Defendant Emerick.

14. The reason given by Pastor for the denial of accommodation was that contact with inmates was an essential job function, but in fact a post was available which required no inmate contact, to which post Plaintiff had been assigned 75% of the time prior to her injury.

15. Moreover, white males who had requested light duty accommodation were granted such, but Pastor informed Plaintiff that she would not be permitted to return to work without a physician's release to full duty.

16. Pastor's November 8, 2010 denial of light duty accommodation also informed Plaintiff that COUNTY would "continue to conditionally designate [her] time off under the Family Medical Leave Act (FMLA)."

17. On November 24, 2010 COUNTY'S human resources department advised Plaintiff that her request for a FMLA leave absence had been approved and that "…leave begins on October 15, 2010 and will expire on December 8, 2010."

18. On December 15, 201 COUNTY'S human resources department advised Plaintiff that her FMLA leave was extended to December 30, 2010 based on information received from her physician.

19. COUNTY'S policy provides that an employee may receive an extended medical leave of absence, without pay, for a period not to exceed one year, which Plaintiff requested.

20. On January 6, 2011, Plaintiff's physician submitted the required extension of leave form.

21. On January 21, 2011 Pastor informed Plaintiff that she had exhausted her "Family Medical Leave of Absence" and that she must return to work with a full duty release within seven days or face disciplinary action.

22. On January 29, 2011 Plaintiff complained to COUNTY'S human resources representative and jail administration, including Emerick, that she had not received the required prior notices as to her FMLA status and was denied the right to work by denial of her sedentary duty request.

23. On February 1, 2011 Plaintiff filed a grievance through her union based on COUNTY forcing her to use, and exhaust, FMLA time while she had been released to work a modified sedentary position asking that her FMLA entitlement be reinstated.

24. On February 1, 2011, Pastor informed Plaintiff that she could return to work in a modified sedentary position on February 9, 2011 and instructing her to apprise COUNTY of physician's restrictions.

25. On February 4, 2011, Plaintiff's physician modified the sedentary restriction further, limiting her work hours to five per day in a four day work week.

26. Also on February 4, 2011, Plaintiff submitted her physician's work activity status report to jail administration, advising also of her intention to return to work as ordered on February 9, 2011.

27. On February 4, 2011, Pastor sent Plaintiff a letter instructing her to disregard the return to work instructions communicated on February 1, 2011 and also advising that COUNTY'S department of human resources was reviewing Plaintiff's modified duty request and that Pastor would contact her at a later date regarding her return to work option.

28. Thereafter, Plaintiff and/or her physicians continued to submit to COUNTY, on a monthly basis, reports as to her work activity status.

29. On December 5, 2011, Plaintiff's physician released her to work 40 hours per week at the sedentary position which she had previously been offered, which was forwarded by Plaintiff and received by Pastor on December 8, 2011.

30. On December 12, 2011, Plaintiff met personally with Pastor, informing her that another appointment was scheduled with Plaintiff's physician on January 25, 2012 at which time she expected to be released for full duty.

31. Also on December 1, 2011, Plaintiff reiterated her request to return to a full-time sedentary position as authorized by her physician and previously approved by COUNTY, pointing out that white males had been granted similar requests by Emerick.

32. At that time, Pastor told Plaintiff that her modified duty request had been denied by COUNTY'S human resources department, although such denial had never previously been conveyed to Plaintiff either orally or in writing.

33. Pastor also informed Plaintiff that although Emerick had, in fact, granted similar requests for modified duty to males "as a favor," it was "wrong".

34. After the above discussion, also on December 12, 2011, Plaintiff met with Emerick and reiterated her request for modified duty pending her January 25, 2012 anticipated return to full duty.

35. During the meeting with Emerick, Plaintiff also complained about Pastor's failure to inform her as to the status of her modified duty request for over 10 months, and her failure to inform Emerick of the request.

36. Emerick at that time indicated that he would speak to Pastor and further advise Plaintiff.

37. On December 27, 2011, Plaintiff filed a grievance with her union based on COUNTY'S refusal to provide reasonable accommodation and Pastor's failure to inform her as to the status of her request or the basis for denial.

38. On December 28, 2011, Pastor sent a letter to Plaintiff informing her that if she did not submit a return to work notice providing a date on which her physician believed she could return to work without restrictions no later than January 12, 2012, Plaintiff would face possible disciplinary action.

39. On December 31, 2011, Plaintiff received Pastor's letter of December 28, 2011 and immediately responded, stating that the deadline of January 12, 2012 set by Pastor would not permit completion of the functional capacity evaluation already scheduled (as Plaintiff had previously reported) for January 25, 2012, which was necessary for final release to full duty, and also reiterating her request for modified duty, to which she had still received no response, also pointing out that such accommodation had been previously provided to others, adding that Pastor could expect to receive her physician's release no later than February 3, 2012, allowing for processing by his office.

40. On January 13, 2012, Plaintiff was verbally informed by her union representative that her employment had been terminated by Pastor effective January 13, 2012 for "job abandonment," and subsequently received a letter dated January 13,

2012 from Pastor also notifying her that her employment was terminated effective "this date" for "job abandonment".

41. The Memorandum of Understanding ("MOU") in effect between COUNTY and the union representing sergeants working at the County Jail provides that sergeants must be provided a hearing before any discipline is imposed.

42. Plaintiff was not afforded a hearing prior to her termination.

43. The MOU also provides that a sergeant's continuous service shall only be broken by "[absence] due to layoff or physical disability... for a period longer than two years..."

44. When Plaintiff grieved the termination through her union, Emerick ratified Pastor's action.

## COUNT I

## GREEN v. COUNTY OF ALLEGHENY

45. Plaintiff incorporates by reference all of the other paragraphs of this Complaint.

46. The conduct of COUNTY as set forth herein was in willful violation of the well-established legally protected Federal rights of Plaintiff under the Americans with Disabilities Act, the FMLA and Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to the following particulars:

    a) failing and refusing to provide reasonable accommodation to Plaintiff, a disabled, black female, when such accommodation had been granted to males, white sergeants, and/or persons who had not opposed discrimination or participated in EEOC proceedings;

b)   in interfering with Plaintiff's ability to meaningfully exercise her FMLA rights;

c)   denying Plaintiff the protection, privileges and benefits conferred by the contract governing relations between COUNTY and the sergeants at its jail to retaliate against her for her prior opposition to discrimination, participation in EEOC proceedings, and attempts to exercise her rights under the FMLA;

d)   in violating the provisions of the FMLA;

e)   denying Plaintiff equal and nondiscriminatory application of the provisions of the contract governing relations between County and the sergeants at its jail;

f)   denying Plaintiff equal and nondiscriminatory application of COUNTY'S policies, employee benefits, and procedures;

g)   denying Plaintiff a hearing prior to imposition of discipline;

h)   terminating Plaintiff's employment in retaliation for her prior opposition to discrimination, and/or requests for reasonable accommodation and FMLA benefits;

i)   terminating Plaintiff's employment for an alleged offense she did not commit, when similarly situated males, white persons, and/or persons who had not opposed discrimination were not terminated for similar or worse offenses;

j)   in imposing discipline and termination not in accordance with COUNTY practice and policy or the applicable collective bargaining agreement;

k)   in denying Plaintiff extended medical leave which had previously been granted to white males, including sergeants;

l)   in failing to give Plaintiff the notices required by the FMLA, ADA, collective bargaining agreement and COUNTY'S policies, procedures and practices; and

m)   in failing to advise Plaintiff as to her status and the disposition of her applications and requests as requested by the FMLA, collective bargaining agreement, ADA, and COUNTY policy, practice and procedure.

47. As a result of the conduct of COUNTY, Plaintiff suffered loss of income, privileges and benefits, emotional distress and mental anguish, humiliation and damage to her professional reputation.

48. Plaintiff commenced this action after exhausting administrative remedies by timely filing complaints with the EEOC and the Pennsylvania Human Relations Commission and has received the Notice of Right to Sue attached as Exhibit A.

WHEREFORE, Plaintiff seeks equitable relief, including reinstatement to her position as sergeant, and also seeks compensatory damages and attorney's fees and costs and demands a trial by jury.

## COUNT II

### GREEN v. WILLIAM EMERICK, in his individual capacity

49. Plaintiff incorporates by reference all of the other paragraphs of this Complaint.

50. At all times relevant, Emerick was Deputy Warden of COUNTY'S jail and Pastor and Plaintiff were subject to his authority as such.

51. Emerick had express and apparent authority to supervise, discipline, direct and terminate Plaintiff and Pastor.

52. Emerick failed and refused to grant Plaintiff benefits previously conferred on other officers similarly situated, failed and refused to investigate her complaints of discrimination and violation of the ADA and FMLA.

53. Emerick also failed and refused to investigate or address Plaintiff's complaints regarding Pastor's discriminatory denial of reasonable accommodation, extended medical leave, and FMLA benefits or to discipline or control Pastor's conduct.

54. Further, Emerick ratified Pastor's action in terminating Plaintiff's employment without hearing and in violation of the applicable collective bargaining agreement.

55. The conduct of Emerick as described herein was willful, retaliatory and discriminatory, and knowingly undertaken to deprive Plaintiff of and retaliate against her for exercising her established rights under the Federal and State Constitutions to enjoy equal protection of law, and her rights under the ADA, FMLA and applicable collective bargaining agreement.

WHEREFORE, Plaintiff claims compensatory and punitive damages and attorney's fees and costs against Defendant and demands a trial by jury.

## COUNT III

### GREEN v. LYNDA PASTOR, in her individual capacity

56. Plaintiff incorporates by reference all of the other paragraphs of this Complaint.

57. At all times relevant, Pastor was Administrative Officer of COUNTY'S jail, subject to the policies, practices, and procedures of county governing employee relations, and responsible for properly processing employee requests for ADA accommodation, extended medical leave, and FMLA benefits and insuring such were received by the persons vested with authority to grant or deny such requests.

58. Pastor failed and refused to properly process and/or honor Plaintiff's requests as described herein, and, when Plaintiff complained about the improper and discriminatory treatment of her legitimate requests, terminated Plaintiff's employment.

59. The conduct of Pastor was willful, retaliatory and discriminatory and knowingly undertaken to deprive Plaintiff of and retaliate against her for exercising her established rights under the Federal and State Constitutions to enjoy equal protection of law and the ADA and FMLA and applicable collective bargaining agreement.

WHEREFORE, Plaintiff claims compensatory and punitive damages and attorney's fees and costs against Defendant and demands a trial by jury.

Respectfully submitted,

/s/ Susan E. Mahood
Susan E. Mahood, Esquire
Pa. I. D. #50024
1600 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 281-1444